MARY WANEK, Respondent, v. SUPREME LODGE OF THE BOHEMIAN SLAVONIC BENEVOLENT SOCIETY OF THE UNITED STATES, Appellant.

St. Louis Court of Appeals, April 10, 1900.

Benevolent Insurance Society: MEMBERSHIP IN BENEVOLENT SOCIETY: EXPULSION OF MEMBER. In the case at bar the appellant society alleged in its answer, that the member had resigned his membership in said order, and that he had been duly expelled from his membership in the order and had been duly notified of this action by the order prior to his death, but upon an examination of the evidence it is held that his membership existed at the time of his death.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

*Chas. A. Powers* and *W. R. Schery* for appellant.

(1) A member of a voluntary benevolent association may, at any time, and under any circumstances, withdraw therefrom, without the consent of the association. Such resignation takes effect at once, and no action on the part of

the society is necessary.   Borgraefe v. Knights of Honor, 26 Mo. App. 224; Ellerbe v. Barney, 119 Mo. 632; Stewart v. Supreme Council, A. L. H., 36 Mo. App. 332; Bacon on Ben. Soc. (2 Ed.), sec. 111, p. 187; State ex rel. v. The Grand Lodge, 78 Mo. App. 546; Scheele v. State Home Lodge, 63 Mo. App. 277; Miller v. Grand Lodge, 72 Mo. App. 499; Niblack on Ben. Soc., sec. 32, p. 73.   (2)   Any member of a voluntary benevolent society may be expelled therefrom for nonpayment of assessments, and when so expelled according to the governing laws of the society, such membership ceases from the time of such expulsion.   Curtin v. Grand Lodge, 65 Mo. App. 294-300; Scheele v. State Home Lodge, 63 Mo. App. 277; Miller v. Grand Lodge, 72 Mo. App. 499; Stewart v. Amer. Legion of Honor, 36 Mo. App. 319; Bacon on Ben. Soc. (2 Ed.), sec. 385, p. 756.   (3) The unauthorized acts of the ministerial officers of a subordinate lodge are *ultra vires* and not binding on the society. Harvey v. Grand Lodge, 50 Mo. App. 477; State ex rel. v. Benefit Soc., 42 Mo. App. 489; Froehly v. Insurance Co., 32 Mo. App. 302; Borgraefe v. Knights and L. of Honor, 22 Mo. App. 127; Curtin v. Grand Lodge, 65 Mo. App. 294.

*E. P. Johnson* for respondent.

(1)   The beneficiary certificate read in evidence, with the proof that plaintiff was the wife of Vit. Hajek, and the death of the latter on May 29, 1894, made out a *prima facie* case in favor of plaintiff, on which she was entitled to judgment in the absence of a preponderating defense.   Mulroy v. Knights of Honor, 28 Mo. App. 463; Dobyns v. Bay State Benefit Ass'n, 144 Mo. 95; Kumle v. Grand Lodge, etc., 110 Cal. 204; Earney v. Modern Woodmen of America, 79 Mo. App. 385.   (2)   Article 6, sec. 12, of the defendant's constitution, provides that "Lodges which can not collect the assessments from individual members shall pay the shortage

from the treasury." Article 7, sec. 1, (a) provides that "A member who has not paid all of his dues and fines at the quarterly meeting, shall be notified of his arrearage by the financial secretary, and if after such notice he fails to pay his indebtedness at the following monthly meeting, he shall be expelled. And article 7, sec. 3, provides for suspension from sick benefits only a member who has not paid all his dues and fines at a quarterly meeting, until he has paid them, excepting such as have applied for and obtained an extension of time for such payment. The second section quoted confers no authority on a local lodge to expel a member for nonpayment of assessments, and therefore it can not do so, nor does it forfeit his certificate for failure to pay any arrears, nor by reason of his expulsion from the lodge. (3) The constitution does not provide any penalty or forfeiture of any right of a member in the supreme lodge on account of arrearages to, or expulsion from the local lodge; nor does it require an assured to be either a member of, or in good standing in a local lodge, at the time of his death, to entitle the beneficiary named in his certificate to payment; and it is not, therefore, necessary that the deceased should have been either a member of, or in good standing in Slovan Lodge when he died, to have entitled plaintiff to recover. Knights of Pythias v. Kalinski, 163 U. S. 289. (4) Under said art. 6, sec. 12, any assessments made by respondent before the so-called expulsion of deceased from Slovan Lodge on May 20, 1894 (and there were none afterwards prior to his death on the twenty-ninth of the same month), which it failed to collect from him, became a debt due from said lodge to appellant, and also from deceased, for which his estate became liable on his death. Ellerby v. Barney, 119 Mo. 632. His certificate was not liable to forfeiture for its nonpayment, and defendant is estopped from denying that it was in force

when he died. Dobyns v. Bay State Ben. Ass'n, 144 Mo. 95; Jacobs v. Omaha Life Ass'n, 146 Mo. 523.

BOND, J.—The petition states that on the twentieth day of June, 1893, the defendant issued and delivered to Vittus Hajek (who was then a member of Slovan Lodge No. 1 of said Order, located in St. Louis, Mo.), the husband of plaintiff, a certificate entitling him to all the rights and privileges of the order and to participate in the beneficiary fund of the said order to the amount of $1,000, this plaintiff being the designated beneficiary, and that Vittus Hajek remained a member of the order until his death, May 29, 1894; that immediately after the death of Vittus Hajek, demand was made on the defendant by the plaintiff for the sum of $1,000, which was refused.

The answer alleged that Vittus Hajek had resigned his membership in the order on the seventeenth of May, 1894, and that on the twentieth day of May, 1894, he was duly expelled from membership in the order and duly notified of this action prior to his death.

The reply took issue upon the allegations of the answer. There was a verdict and judgment for plaintiff, from which defendant appealed.

The defenses set up in the answer are, first, resignation by the assured; second, his expulsion from the order in accordance with its constitution and laws. The first defense rests entirely upon a letter from the assured written while he was absent from the city and in possession of an unexpired traveling card which certified to his good standing in the order. This letter, as appears from its terms, refers to his "poor circumstances," the extension which had been granted him (not then expired) for the payment of his dues, the friendly services which had been done him by a brother member in guaranteeing his dues at a previous meeting of the

lodge, the hostile acts of others, and their desire to expel him, and concluded to wit: "So now act with me in accordance with the constitution, as you stated to me in your last letter. I am sorry; but I can not help it, but you shall have no loss with me; if I will be able then I will pay you said $13.90. Dear Brethren, I herewith enclose my traveling card. In prosperity, I sign myself,

Vit. Hajek."

"Brother Maier tell me if I am expelled or not. I am sorry, but I can't help it. In prosperity."

Clearly this leter does not evidence an abandonment by the assured of his membership in the order. On the contrary he expressly submitted the question of his continuance in the order to such action as it might take on that subject in accordance with its constitution and laws, and expressly requested the officer to whom the letter was addressed to notify him of the action of the lodge. We therefore conclude that the defense of voluntary abandonment of his membership by the assured, is unsustained by the evidence. As to the second defense, the record shows that on May 20, 1894, the aforesaid letter was considered in a lodge meeting; that after some debate the action of the lodge in extending time to the assured, at a former meeting, as evidenced by his traveling card and the minutes of the proceedings on said occasion showing the acceptance by the lodge of a guarantee of his indebtedness then made by another member, was reconsidered, and he was expelled, and that notice of this action was mailed by a registered letter addressed to the deceased at a different post office from that through which he had written to the lodge and near which he resided at the time of the writing. It was, however, shown that this registered letter was never delivered, but was returned to the officer who mailed it. Under these facts there are two reasons why this attempted expulsion was not operative against the rights of the assur-

ed, whose death occurred May 29, 1894. First: It was predicated upon an attempted act of rescission of an agreement between the lodge and its member made when it granted him at a former meeting a six months extension of time and good standing upon his request and payment of a bonus of three dollars for such extension. Before the expiration of this time the lodge had no power to abrogate its contract with the deceased without notice of the grounds or without his consent. Secondly: The constitution of the order provides, to wit: "Sec. 8. The secretary shall serve a written notice on all expelled members, either in a registered letter or personally, notifying them of their expulsion and the reasons therefor."

This provision was not complied with before the death of the member, since the record shows that he was not served with a written notice of his expulsion and the reasons therefor, either personally or by a registered letter. For these reasons we do not think his membership was destroyed, and as the other facts necessary to a recovery were conceded, there was no error in the finding of the court in favor of the plaintiff beneficiary, and its judgment is affirmed. Judge *Bland* concurs; Judge *Biggs* absent.